IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LENA G.,[1]

Plaintiff,

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

Defendant.

Case No. 2:25-cv-00472-AP

**OPINION AND ORDER**

POTTER, United States Magistrate Judge:

Plaintiff Lena G. brings this action for judicial review of a final decision of the Commissioner of Social Security denying her application for disability insurance benefits (DIB) and supplemental security income (SSI) under Title II and Title XVI of the Social Security Act. This Court has jurisdiction under 42 U.S.C. § 405(g).

Plaintiff alleges that the Administrative Law Judge (ALJ) erred by declining to consider Plaintiff's subjective symptom testimony and instead giving effect to the residual functional capacity (RFC) of a prior decision. Pl.'s Br., ECF No. 16. For the reasons outlined below, the Commissioner's decision is AFFIRMED.

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party in this case and any immediate family members of that party.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff previously applied for DIB and SSI in July 2017. Tr. 94. That application was denied on August 5, 2019. Tr. 105.

Plaintiff then applied for DIB and SSI on March 12, 2020, alleging disability since July 31, 2017. Tr. 111. Plaintiff later amended her alleged onset date to August 6, 2019. The claim was denied initially and upon reconsideration. Tr. 122, 135, 159, 180. Plaintiff requested a hearing before an ALJ and appeared before the Honorable Jesse K. Shumway on July 26, 2021. Tr. 34-54. In a written decision dated August 20, 2021, ALJ Shumway determined that Plaintiff was not disabled under the Social Security Act. Tr. 17-28. Plaintiff sought review from the Appeals Council; the Appeals Council declined review. Tr. 1. Plaintiff then appealed to the District Court. On appeal, the case was remanded based on the stipulation of the parties. Tr. 1593.

On remand, Plaintiff appeared at a new hearing before ALJ Shumway. Tr. 1525-37. ALJ Shumway then denied Plaintiff's claim in a written decision dated November 21, 2024. Tr. 1500-16. The instant appeal followed.

Plaintiff is currently 45 years old. *See* Tr. 111. Plaintiff alleges disability due to fibromyalgia, neuropathy, major depressive disorder, hyperthyroidism, sleep apnea, gastro reflex disease, back pain, and stress urinary incontinence. Tr. 111-12. Plaintiff has a high school education and previous work experience as a claims processor. Tr. 1514.

## STANDARD OF REVIEW

When reviewing the decision of the ALJ, district courts view questions of law de novo. *Obrien v. Bisignano*, 142 F.4th 687, 693 (9th Cir. 2025). But when there is no legal error, the

denial of benefits will only be overturned if the ALJ's decision "is not supported by substantial evidence." *Id.* (internal quotation and citation omitted). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019) (citation omitted). This is not a high bar; substantial evidence is relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* (citation omitted). The court may not substitute its judgment for that of the ALJ when the evidence could support either affirming or reversing the ALJ's decision. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).

## DISCUSSION

Because Plaintiff's previous application was denied, there is a presumption of continuing nondisability. AR 97-4(9) (S.S.A. Dec. 3, 1997); *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988). That presumption can be rebutted by showing a changed circumstance. AR 97-4(9); *Chavez*, 844 F.2d at 693. A changed circumstance includes a change in a plaintiff's age category, an increase in severity of impairments, an alleged new impairment, or a change in the criteria for determining disability. AR 97-4(9).

Here, the ALJ found that Plaintiff had shown a changed circumstance because she had alleged new impairments and there had been a change in the musculoskeletal listings. Tr. 1501. Therefore, the ALJ found that Plaintiff "has rebutted the presumption of nondisability." Tr. 1501.

However, even when a plaintiff has rebutted the presumption of nondisability, the ALJ must still give effect to certain findings from the prior decision, including a plaintiff's residual functional capacity, unless there is new and material evidence. AR 97-4(9). Evidence is material

when it "bear[s] 'directly and substantially on the matter in dispute.'" *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001) (quoting *Ward v. Schweiker*, 686 F.2d 762, 764 (9th Cir. 1982)). There must also be a "reasonable possibility" that the evidence would change the outcome. *Id.*

Here, the ALJ found no evidence of new severe impairments, no decrease in Plaintiff's functional capacity, and no change in Plaintiff's education or age category. Tr. 1501. The ALJ "therefore adopt[ed] the findings of the Prior Decision with respect to [Plaintiff's] severe impairments, residual functional capacity, and ability to do other work." Tr. 1501. The ALJ found that Plaintiff had new non-severe impairments and also assessed Plaintiff's impairments under the new musculoskeletal listings. Tr. 1501.

Plaintiff argues that the ALJ erred by "declining to consider [Plaintiff's] subjective symptom testimony and giving res judicata effect to the residual functional capacity finding in the prior ALJ decision." Pl.'s Br. 3. Specifically, Plaintiff argues that because the ALJ acknowledged that Plaintiff had provided "new and material evidence" "relating to an increase in the severity of her impairments," it was error for the ALJ not to consider this evidence and to give preclusive effect to the RFC in the previous decision. Pl.'s Br. 3 (quoting Tr. 1504).

However, the ALJ considered the new evidence, including Plaintiff's subjective symptom testimony, but found that it was not material to Plaintiff's RFC because there had not been a decrease in Plaintiff's functional capacity. Tr. 1501.

The ALJ spent a considerable amount of time evaluating the effects of Plaintiff's new diagnosis of gastroparesis. *See* Tr. 1505-06. The ALJ noted that although Plaintiff's diagnosis was new, her symptoms of nausea, abdominal pain, and vomiting were considered in the prior

decision. Tr. 1506. The ALJ evaluated how those symptoms had changed since the prior decision.

The ALJ found that the objective medical evidence showed that Plaintiff's gastroparesis was mild. Tr. 1506. A gastric emptying study showed only mild delayed emptying. Tr. 1337, 1480. An endoscopy showed a hiatal hernia but no other issues. Tr. 1784. A gastric biopsy was "unremarkable except for some mild irritation." Tr. 1787. A CT scan of Plaintiff's abdomen did not find anything abnormal. Tr. 1903.

The ALJ also found that "the record does not show persistent vomiting and nausea over any period of twelve consecutive months." Tr. 1506. The ALJ acknowledged that there were times that Plaintiff's symptoms flared up, but this was mostly concentrated between May and August of 2021. Tr. 1506. The ALJ noted that there were no reports of vomiting and few reports of nausea in the two years prior to the ALJ's decision. Tr. 1506. The ALJ therefore concluded that Plaintiff's "vomiting has improved significantly over time, with improvement in nausea as well." Tr. 1506. Finally, the ALJ noted that Plaintiff's "failure to follow up with gastroenterology beyond September 2021" also suggests that the symptoms did not "significantly trouble[] her on a persistent basis." Tr. 1506.

The ALJ also considered how Plaintiff's other impairments had changed since the prior decision. Tr. 1507. Here, the ALJ found that many of Plaintiff's impairments had improved over time and there was no evidence of any increase in severity of these impairments. Tr. 1507. For example, Plaintiff's sleep apnea has been successfully treated with a CPAP machine. Tr. 435, 492, 612, 618, 940. Plaintiff's hypothyroidism has also improved with treatment. Tr. 1325.

GERD is treated with medication and iron deficiency has resolved after iron replacement therapy. Tr. 2111, 2115.

The ALJ evaluated the new evidence and found that it was not material to Plaintiff's RFC. Therefore, the ALJ was required to give effect to the RFC of the prior decision. The ALJ's finding here is supported by substantial evidence.

**CONCLUSION**

The Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

DATED this 14th day of September, 2026.

/s/Amy E. Potter
Amy E. Potter
United States Magistrate Judge